

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 15, 1992

Honorable Bill Sims
Chairman
Natural Resources Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-190

Re: Whether the Texas Structural Pest Control Act, V.T.C.S. article 135b-6, exempts city employees who perform pest control services from its licensing requirements (RQ-459)

Dear Senator Sims:

You have requested an opinion regarding whether the Texas Structural Pest Control Act, V.T.C.S. article 135b-6 (the"act"), exempts city employees who perform pest control services from its licensing requirements. Generally, the act prohibits any person from engaging in the business of structural pest control[1] without a license, with certain limited exceptions. *See* V.T.C.S. art. 135b-6, § 5(a).[2] In the past, the act contained an explicit blanket exemption in section 11 for "an officer or employee of a governmental or educational agency who performs pest control services as part of his duties of employment," but this language was deleted by the 72d Legislature. Acts 1991, 72d Leg., ch. 771, § 16, at 2758. In light of this amendment, you ask whether any of the act's other exceptions apply to city employees.[3]

At the same time the 72d Legislature amended section 11 of the act to delete the blanket exemption for employees of governmental and educational agencies, it added a number of other provisions that apply to city employees. First, it added the following:

---

[1] The act's definition of "the business of structural pest control" is quite comprehensive. *See* V.T.C.S. art. 135b-6, § 2(a).

[2] Section 5(a) provides as follows:

> No person may engage in the business of structural pest control after the effective date of this Act unless he meets the standards set by the board and possesses a valid Structural Pest Control Business License issued by the board.

[3] The brief submitted with your request contends that the act is wholly inapplicable to cities because the act's definition of a "person" does not include a "municipality". *See* V.T.C.S. art. 135b-6, § 2(b)(1). Thus, it suggests that the act's prohibition against engaging in the business of structural pest control without a license in section 5(a) does not apply to cities. We disagree. First, the term "person" clearly applies to city employees. Second, references to city employees in the prior version of section 11 and in section 4B(b) of the act indicate that the legislature intends the act to apply to cities.

(b)  An individual must be licensed as a certified noncommercial applicator if the individual is not licensed as a certified commercial applicator and the individual:

(1)  is an employee of the state or a city or county and engages in the business of structural pest control . . . .

V.T.C.S. art. 135b-6, § 4B; Acts 1991, 72d Leg., ch. 771, § 6, at 2750-51; *see also* V.T.C.S. art. 135b-6, § 2(a) (defining the term "business of structural pest control"). This provision requires a city employee who engages in the business of structural pest control to obtain a noncommercial applicator license.

At the same time the 72d Legislature amended section 11 of the act to delete the blanket exemption for employees of governmental and educational agencies, it also amended section 5(b) of the act by adding the following highlighted language:

(b)  An individual without a license may, on his own premises or on premises in which he owns a partnership or joint venture interest, or on the premises *other than an apartment building as defined in Section 4B of this Act, day-care center, hospital, nursing home, hotel, motel, lodge, warehouse, food-processing establishment, or school or educational institution*, of an employer by whom he was hired primarily to perform other services, use insecticides, pesticides, rodenticides, fumigants, or allied chemicals or substances or mechanical devices designed to prevent, control, or eliminate pest infestations unless that use is prohibited by state law or rule or by rule of the United States Environmental Protection Agency or unless the substance used is labeled as a restricted-use pesticide or a state-limited-use pesticide.

Acts 1991, 72d Leg., ch. 771, § 7, at 2755 (emphasis added). Prior to this amendment, section 5(b) permitted premises owners and their employees hired primarily to perform other services to control pests, with certain limitations. Section 5(b) did not apply to employees of governmental and educational agencies, as they were wholly exempted from the act by virtue of section 11. In adding the highlighted language, the legislature was clearly adjusting section 5(b) in light of the deletion of the blanket exemption for employees of educational agencies from section 11. The legislature did not make a similar adjustment for the deletion of the blanket exemption for employees of governmental agencies from section 11. Thus, we believe that the legislature contemplated that this section would be otherwise applicable to employees of governmental agencies following the deletion of the blanket exemption from section 11. Therefore, we conclude that section 5(b) excepts city employees hired primarily to perform other services from the act's licensing requirements provided that they refrain from using methods prohibited by

state law or rule or by rule of the United States Environmental Protection Agency, restricted-use pesticides or state-limited-use pesticides.[4]

Finally, at the same time the 72d Legislature enacted the foregoing amendments to the act, it also added the following general exemption to section 11:

> [A] person who uses pest control chemicals that are for household use and are available for purchase in retail food stores, such as aerosol bombs and spray cans, if the insecticide is used in accordance with board rules or guidelines and is:
>
> > (A) used by the owner or his employee or agent in space occupied by the building owner in a residential building, office building, retail building, or industrial building; or
> >
> > (B) used in a place that is vacant, unused, and unoccupied.

V.T.C.S. art. 135b-6, § 11(4); Acts 1991, 72d Leg., ch. 771, § 16, at 2759. This provision appears to apply to *any* premises' owner or his or her employee who uses household pest control chemicals on his or her premises, including a city or a city employee. Thus, we conclude that section 11(4) exempts a city employee who uses household pest control chemicals in vacant or residential, office, retail, or industrial buildings owned and occupied by the city from the act's licensing requirements.

## S U M M A R Y

The Texas Structural Pest Control Act, V.T.C.S. article 135b-6, requires a city employee who engages in the business of structural pest control to obtain a noncommercial applicator license. The act exempts from its licensing requirements city employees 1) who are hired primarily to perform other services provided that they do not use methods prohibited by state law or rule or by rule of the United States Environmental Protection Agency, restricted-use pesticides or state-limited-use pesticides, or 2) who use household pest control chemicals in vacant or residential, office, retail, or industrial buildings owned and occupied by the city.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[4]The terms "restricted-use pesticide" and "state-limited-use pesticide" are defined by sections 2(b)(2) and 2(b)(3) of the act respectively.

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General